UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DEBORAH ELKINS,**
        **Plaintiff**

**v.**                  **Civil Action No.
3:04CV659-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
        **Defendant**

## MEMORANDUM OPINION

   This case presents plaintiff Deborah Elkins' challenge to the decision of the Commissioner denying her claim to disability insurance benefits and supplemental security income payments. After examining the record as a whole, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

   Ms. Elkins filed her applications in June of 2001, alleging that she had been unable to engage in any substantial gainful employment since July of 2000. After an unfavorable decision, the Appeals Council remanded the matter, directing the ALJ to consider the effects of Ms. Elkins' obesity and to further develop the vocational evidence. After a second hearing, the Administrative Law Judge ("ALJ") determined that plaintiff's degenerative disc disease, pain disorder, obesity, anxiety and depressive disorders, and post traumatic stress disorder were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity for a significant number of

sedentary jobs.

Ms. Elkins' argument on this appeal consists of a single paragraph. The relevant sentence appears to be the assertion that the ALJ "ignored the opinions of Plaintiff's doctors, the Vocational Expert, and psychologist, Dr. Catt.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Reading Ms. Elkins' argument as generously as possible, the Court surmises that she believes the ALJ did not accord the treating physicians' opinions the weight to which they are entitled.

In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

Ms. Elkins points to the opinion of treating family physician Christopher Manik that she was totally disabled. Tr. 228. It must be pointed out that it is the *medical* assessment that is

2

entitled to weight; a treating physician's opinion regarding disability is not conclusive. See Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986). The finding of disability is made by the Commissioner, not by a physician. 20 C.F.R. Sec. 404.1527(e)(2). In 2002, Dr. Manik expressed a dim view of Ms. Elkins' ability to recover from "chronic low back pain, persistent anxiety, and depression disorder with posttraumatic stress disorder." Tr. 228. He set out neither functional limitations nor objective support.

With regard to the back problem, as the ALJ pointed out, Dr. Manik's opinion is not objectively supported. Furthermore, the record reflects that Dr. Badenhausen, who treated Mr. Elkins' back problem, released her in February 1999 to "return to work at regular duty. No restrictions." Tr. 153. Dr. Badenhausen's conclusions in this respect are fully supported by the 2001 examination by Dr. Seward. Tr. 157). As Dr. Badenhausen was a treating physician, who was addressing a particular problem and whose opinion was more specific than Dr. Manik's, it cannot be said that the ALJ disregarded the "treating physician" rule with respect to Ms. Elkins' back problem.

The ALJ noted that Ms. Elkins has not received psychiatric treatment. In 2001, she conceded that she was receiving no treatment by any mental health specialist. Tr. 163. As noted by Dr. Manik, she declined on two different occasions his suggestion that she seek an evaluation at Seven Counties. Tr. 227. Thus, the only real evidence of record regarding any limitations imposed by mental problems is the consultant examination by Dr. Catt in August 2001. Dr. Catt identified no marked limitations, and identified moderate limitations in ability to carry out detailed instructions, ability to interact appropriately with general public, and ability to respond appropriately to changes in the work setting. Tr. 181-182. When these limitations were included

in the hypothetical questions, the vocational expert identified a significant number of jobs that Ms. Elkins could perform.  Tr. 294-296.

Accordingly, the Court concludes that the ALJ did not commit error in his treatment of the treating physician's opinion, and further concludes that substantial evidence supports the decision of the Commissioner.  An order in conformity has this day entered.